### UNITED STATES v. PARK et al.

(Circuit Court, S. D. New York. December 5, 1896.)

No. 1,766.

CUSTOMS DUTIES—DEFICIENCY IN QUANTITY.

A report by the assistant appraiser that, upon examination of certain imported merchandise, he found a deficiency in the quantity called for by the invoice, is proper and sufficient evidence on which to base an allowance for such deficiency in estimating the duties.

This was an appeal by the government from a decision of the board of general appraisers which reversed the decision of the collector of the port of New York, refusing to make an allowance for an alleged deficiency in a quantity of cigars imported by Park & Tilford, and ordered a reliquidation. The vessel's manifest, the bill of lading, invoice, and entry called for "8 cases, 31,000 cigars." The assistant appraiser, who examined the goods, returned on the invoice: "In case No. 3,991 I find 1,100 cigars short, as noted. Case not full; in bad condition." The collector, however, on the

ground that no satisfactory proof of short shipment, or of having been lost or destroyed by accident during the voyage, had been furnished, as required by article 922, Treasury Regulations of 1892, refused to make any allowance for the deficiency, and assessed duty on the full amount of the invoice. The importers protested, claiming an allowance under Rev. St. § 2921.

James T. Van Rensselaer, Asst. U. S. Atty.

W. Wickham Smith, for defendants.

WHEELER, District Judge. The packages all came, but the examiner reported, and the appraiser returned, that the number of cigars called for by the invoice was 1,100 short. From this the board of general appraisers found that the number was so in fact short, and that the amount of duties should be lessened accordingly. The protest raised this question of shortage; and it was one affecting the amount of duties, on which an appeal lies to that board under section 14 of the customs administrative act (26 Stat. 137). The principal question made is as to whether there is any evidence to support this finding; and Merwin v. Magone, 17 C. C. A. 361, 70 Fed. 776, is relied upon to show that there was not. In that case the question was whether there was any evidence to support a finding the other way, and not whether there was any evidence of shortage. Here, the examiner and appraiser were government officials, charged to ascertain and report about this, and their report showed that, on opening the packages, a deficiency was "found on examination by the appraisers." This was not only some evidence, but was the statutory evidence, on which an allowance is required to "be made in estimating the duties." Rev. St. § 2921; Robertson v. Bradbury, 132 U. S. 491, 500, 10 Sup. Ct. 158. No further proof could be necessary, for the merchandise must have been in the custody of customs officials from the time of entry, which would show that what was examined was what was imported, and that none was lost after importation, and before examination. The statute seems to be based upon this presumption. Decision of general appraisers affirmed.