UNITED STATES *v.* BROWN & CO. (No. 1071).[1]

1. ENTRIES IN BOOKS, WHEN NOT EVIDENCE.
    Entries in the books of a steamship company were offered in evidence to prove the condition of an importation on its arrival. A manager who did not make the entries in question, and who had no personal knowledge of the facts, is an incompetent witness to prove the entries by.

2. CHINESE WINES IN BOTTLES—SHORTAGE.
    The evidence here tends to show there was a shortage, but entirely fails to show that the packages when landed were in the condition they were found at the time they reached the importers' place of business.—United States *v.* Brown (2 Ct. Cust. Appls., 189; T. D. 31943).

United States Court of Customs Appeals, April 22, 1913.

APPEAL from Board of United States General Appraisers, Abstract 31006 (T. D. 33055).

[Reversed.]

*William L. Wemple,* Assistant Attorney General (*William A. Robertson,* special attorney, of counsel), for the United States.
*Brown & Gerry* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

This is an appeal from a decision of the Board of General Appraisers reversing the decision of the collector at the port of New York.

The merchandise consists of certain Chinese wine in bottles. The protest claimed that certain bottles were missing out of the various cases, and that these should not have been assessed for duty. The collector declined to make any allowance for shortage, but the Board of General Appraisers held that he erred in so doing, and

---

[1] Reported in T. D. 33374 (24 Treas. Dec., 601).

made allowance accordingly. This appeal is taken on the ground that the evidence is insufficient to warrant the action of the board.

It is unnecessary to enter at length upon a discussion of the testimony offered by the importers, as it clearly appears with respect to the testimony of the witnesses having personal knowledge of the facts of which they speak, the case is on all fours with United States *v.* Brown (2 Ct. Cust. Appls., 189; T. D. 31943). The evidence, it is true, tended to show that there was a shortage, discovered in the packages when received at the business house of the importers. But there was wholly wanting any evidence to show that the packages when landed were in the condition in which they were found at the time they reached the business house of the importers. In this respect the case is precisely like that of United States *v.* Brown, *supra*.

Counsel for importers apparently appreciate that the case is ruled by the earlier case unless their contention hereinafter referred to shall prevail. They say, however, that in the present case the importers offered evidence to show that the steamship agents examined the cases in question while still on the steamship dock and found that the shortage was as stated by the importers, and hence made allowance to the importers for such shortage.

The testimony which the importers offered to show these facts was excluded by the Board of General Appraisers, but the importers contend that this testimony was improperly excluded, and that the Government is estopped to deny the truth of the facts which the importers offered to prove, citing M., K. & T. Ry. Co. *v.* Elliott (102 Fed., 96).

We do not think it necessary to affirm or deny the correctness of the ruling in that case. It must not be understood, however, that we imply that the remedy for an error in rejecting testimony is that which is asserted by the importers here. A difficulty with the importers' contention is found in the fact that the testimony offered was that of the manager of the steamship companies, who produced his books showing the entries of certain wantage in these cases, purporting to have been made by clerks on the wharves upon the statement of the coopers who opened the cases and made notations on the packages. It is not claimed by the witness who was produced that he had any personal knowledge of the facts, and there was no witness offered who had such personal knowledge. Nor was their absence accounted for by showing their death, absence from the jurisdiction, or other disability. The books were not under these circumstances without corroboration admissible as substantive proof of the fact of wantage in these cases. See Chaffee *v.* United States (85 U. S., 516, 539 *et seq.*).

The decision of the Board of General Appraisers is *reversed*.