---

MADEIRA EMBROIDERY CO. v. UNITED STATES (No. 1964).[1]

1. CONSTRUCTION, REVISED STATUTES, SECTION 2921, AND ARTICLE 608, CUSTOMS REGULATIONS OF 1915—TREASURY REGULATION WHICH SEEKS TO AMEND LAW.

Section 2921, Revised Statutes, provides that, if the appraiser shall find a deficiency in imported merchandise, he shall certify it to the collector and an allowance shall be made in estimating the duties. Article 608, Customs Regulations of 1915, provides that this shall be done *provided the collector be satisfied that such articles were not in the importation.* The proviso is an attempt by the Treasury Department to amend the law, and is of no force.

2. EVIDENCE—PRESUMPTION THAT OFFICIALS PERFORM THEIR DUTIES.

When, in accordance with section 2921 of the Revised Statutes, the appraiser certified a shortage, it must be presumed that there was a shortage.

---

[1] T. D. 37990 (36 Treas. Dec., 362).

3. Shortage in Importation—Appraiser's Report—Collector's Investigation.
    Where the appraiser reported a shortage, and the collector investigated and
decided, without impeaching the appraiser's report for fraud or mistake, that
he was not satisfied that there was a shortage, his action in refusing to make an
allowance was without warrant of law.

United States Court of Customs Appeals, April 15, 1919.

Appeal from Board of United States General Appraisers, Abstract 42801.

[Reversed.]

*Curie, Smith & Maxwell (Thomas M. Lane* of counsel) for appellants.
*Bert Hanson,* Assistant Attorney General (*John J. Mulvaney,* special attorney,
of counsel), for the United States.

[Oral argument Mar. 27, 1919, by Mr. Lane and Mr. Hanson.]

Before Montgomery, Smith, Barber, De Vries, and Martin, Judges.

Montgomery, Presiding Judge, delivered the opinion of the court:
Section 2921 of the Revised Statutes reads:

If, on the opening of any package, a deficiency of any article shall be found, on
examination by the appraisers, the same shall be certified to the collector on the in-
voice, and an allowance for the same be made in estimating the duties.

The appellants imported various cases of goods packed in boxes.
On entry, the appraiser on August 21, 1917, in compliance with the
statute quoted above, made a notation on the invoice reading, "Short
as noted," and opposite case 949, invoiced to contain a variety of
articles, all were grouped and marked short. This notation was
marked "approved, August 21st," signed by the appraiser.

There would seem to be no doubt that, upon this notation having
been made, the importers were entitled to have, prima facie at least,
a reduction from the invoice of the items shown to be missing. But
later on, it appears, the collector instituted an inquiry, directing a
note to a Mr. Brewer, evidently one of the inspectors or assistant
inspectors, as follows: "Please report condition of the case when
landed, 914–1 case." The response to this by an inspector other
than the one who signed the original notation was: "No knowledge
of the condition of the case when landed. Signed for by P. S. carman
as 'nail holes.'" ("P. S." stands for "public stores.")

The collector proceeded to assess duty upon the whole amount of
the invoice. In his report to the Board of General Appraisers he
states:

The said case was designated and forwarded for examination at the public stores
by the appraiser who reported the case, was found in bad order, and that the contents
of box 949 invoiced as being shipped therein were missing. The records also show
that the case was delivered from the dock to the public stores carman without being
corded and sealed. Under the practice such delivery indicated the case had been
landed in good order. Accordingly it was assumed that the missing goods were
abstracted or removed while in transit from the dock to the public stores.

The Board of General Appraisers upon this report sustained the action of the collector on the ground that the delivery to the carman without cording and sealing, which is customary with broken packages, raises the presumption that the package was in good order when landed and delivered to the carman.

· If this question were controlling of the case, we should not be able to agree with the conclusion reached by the board. The certificate required by the statute has been made in this case. In any possible view of its efficacy, it must be treated as having some value as indicating that the certificate had reference to the situation contemplated by the statute itself, viz, that on importation being made, if there shall be found to have been a deficiency in any article, that fact shall be noted. There can be no doubt that this has relation to the condition of the package as imported, nor can there be any reasonable doubt that the purpose was that the inspector on making this notation meant that it should have reference to that occasion and to that time, and to speak as to the condition of the package when imported. If it has not this presumptive value, it would be necessary in every case for the importer to add to the certificate proof of the time when the certificate was made, and as to whether the package was when imported in the condition described in the certificate. That would render the certificate valueless and the statute nugatory.

Assuming that the certificate is open to correction for mistake or fraud, which we do not determine, it would at least cast the burden upon the Government of showing that such mistake or fraud had occurred. It would be a remarkable result if, the case having been delivered to the custody of the Government officials, a neglect of duty by the Government officials should deprive the importers of the benefit of the prima facie showing afforded by the appraiser's certificate. There is an affirmative presumption of law that an official in such a case performs his duties. The official who gave this certificate had the duty of satisfying himself as to whether the goods were imported or whether this case was defective when landed. So far as the appearance of the package itself is concerned, the fact that it was reported as having nail holes would raise a strong presumption that it had in fact been tampered with before being landed, and the inspector having found goods missing from the package, would not unnaturally draw the inference that the goods were not landed. We think it was error to treat this certificate as of no value, and to cast an additional burden upon the importers because of the alleged negligence and failure to comply with the practice.

The case of United States v. Brown (2 Ct. Cust. Appls., 189; T. D. 31943), cited by the Government, was a case where the merchandise had been delivered to the importer without having been sent to the

public stores. In other words, it had passed out of customs custody. It was held that an alleged shortage discovered under these circumstances after the goods had been passed into the possession of the importer cast the burden of proof upon the importer.

The same principle was affirmed in United States *v.* Shallus (2 Ct. Cust. Appls., 332; T. D. 32074) and United States *v.* Brown (4 Ct. Cust. Appls., 102; T. D. 33374). These cases do not deal with the statute invoked here and are not in point in this case.

This statute contemplates that where the examination is made by the appraisers and a deficiency in articles shall be found, a certificate to the collector to that effect shall be made and that an allowance shall be made by the collector. The statute is mandatory and is not ambiguous in any of its terms. And so it was held in the case of Balfour *v.* Sullivan (17 Fed., 231), in proceedings under this statute:

The importer is not required by the statute to show why there is a deficiency or how it occurred, as a condition of not paying duties on more goods than he had actually imported. He is entitled to the exoneration upon the fact of the deficiency appearing·

Reference was made to this paragraph in United States *v.* Shallus (2 Ct. Cust. Appls., 332–5; T. D. 31943), and it was said:

It establishes a rule of evidence denominating what shall constitute legally sufficient proof of the condition of the merchandise at the time of crossing the customs line and is not an amendment of or exception to the substantive law fixing the time when duties accrue.

While it has been held that this certificate by the appraiser is binding upon the collector—United States *v.* Park (77 Fed. Rep. 608)—it is not upon the importer. * * *

It being the case that this paragraph furnishes the rule of evidence, paragraph 608 of the Customs Regulations of 1915 provided:

ART. 608. *Deficiencies in contents of packages.*—Allowances shall be made in the liquidation of duties for deficiencies in packages found by the appraiser or other customs officer and so certified to the collector, provided the collector is satisfied that the missing articles were not included in the importation.

. (The regulation then proceeds to provide for shortage in an unexamined case, but these provisions are not important here.)

Recurring to that portion above quoted, it will be noted that there is a qualification of the statute (2291) by adding thereto the requirement, *"Provided,* The collector is satisfied that the missing articles were not included in the importation." This is clearly an attempt by regulation to repose in the collector the determination either by an investigation through other mediums or by appraising the value of the evidence which was before the appraising officer and substituting his judgment for that of the appraising officer. The statute reposes in the collector no such authority.

The question was before the Board of General Appraisers under the Customs Regulations of 1915 (art. 1419), which provided that— .

Whenever the appraiser reports a deficiency in the contents of a package, as called for by the invoice, no allowance shall be made unless evidence satisfactory to the

collector shall be produced that said shortage occurred before the arrival of the merchandise in this country, the burden of proof in that case resting upon the importer.

Judge Somerville, in G. A. 5317 (T. D. 24334), said:

This article of the regulations manifestly requires a greater amount of proof than the statute has made necessary, and is, to that extent, unauthorized and illegal, just as in the Park case the court held, in effect, that article 922 of the regulations of 1892 was not a justification for the collector's assessment of duty.

It is not the office of a Treasury regulation to work an amendment of the law. Morrill v. Jones (106 U. S., 466), per Waite, Chief Justice; United States v. Goodsell (91 Fed., 519). * * *

It appears that after this decision the Treasury Department amended article 1419 of the Customs Regulations of 1899 to conform with the decision of the board, and the provision conflicting with paragraph 2921 of the Revised Statutes was not again inserted until 1915.

The holding of Judge Somerville is in entire harmony with United States v. Park (77 Fed., 608), although the question in the latter case did not call for a holding that the certificate of the appraiser was not open to rebuttal, but did require a holding that it was at least prima facie evidence. It was said—

No further proof could be necessary, for the merchandise must have been in the custody of customs officials from the time of entry, which would show that what was examined was what was imported, and that none was lost after importation and before examination. The statute seems to be based upon this presumption.

We think the reasoning of Judge Somerville is entirely sound, and that it is no answer to the certificate which the law requires to be given by the inspector for the Government to say that, through fault of the customs officials to observe a "practice," the importer may be deprived of the benefit and force of this certificate as substantive proof.

Decision *reversed.*