**No. 55271.**—Milton Snedeker Corp. *v.* United States, protest 152898–K (New York).

JOHNSON, Judge: The merchandise in this case consists of Dinky toys. The plaintiff claims that the collector failed to make an allowance in duties because of the shortage of toys in case 1099–D. The collector's letter of transmittal, admitted in evidence, discloses that duty was assessed upon the merchandise for the reason that the importer failed to file an affidavit of short shipment within the time prescribed by the customs regulations.

At the trial the report of the discharging inspector was admitted in evidence as collective exhibit 1, together with all the papers in the case. From the report made by the inspector four cases were landed in bad order. An examination of the cases took place on the pier by the customs officer, a representative of the steamship company, and a representative of the importer. As to case 1099–D, 4 boxes of No. 521, 1 box of No. 25R, 6 boxes of No. 49, 2 boxes of No. 27A, 2 boxes of No. 25P, 2 boxes of No. 25M, and 2½ boxes of No. 14A, a total of 19½ boxes, were found short out of the case, and so reported by the discharging inspector.

In the case of *United States* v. *Washington State Liquor Control Board*, 34. C. C. P. A. 118, C. A. D. 352, wherein the collector assessed duty upon missing bottles out of five cases, which were alleged not landed from the importing vessel, the appellate court, citing *United States* v. *Browne Vintners Co., Inc.*, 34 C. C. P. A. 112, C. A. D. 351, held that the issue in shortage cases is not whether there was a compliance with the customs regulations, but the issue was one of non-importation and that evidence may properly be introduced before the Customs Court to establish that such shortage existed at the time of unlading. In the case of *Meadows, Wye & Co.* v. *United States*, 12 Ct. Cust. Appls. 396, T. D. 40583, the appellate court held that where discharging inspectors took a list of the contents of some of a number of boxes of imported merchandise, and a comparison of that list with the invoice shows a deficiency, a *prima facie* showing is made of shortage and its *pro tanto* extent, and that such shortage is referred back to the time the importation crossed the customs line.

In view of the evidence before the court as to the bad order of the case at the time of unlading, and that certain of the boxes of toys were found missing from the case by the inspector, judgment will be entered in favor of the plaintiff directing the collector to reliquidate the entry and refund all duties taken upon the Dinky toys covered by case 1099–D as contained in the boxes reported by the discharging inspector as short. In all other respects the protest is overruled.

**No. 55272.**—The Geo. Ross Co. *v.* United States, protests 142496–K, etc. (New York).

Opinion by JOHNSON, J. At the trial it was stipulated that the items in question consist of decorated earthenware having a body including the engobe or body slip, not artificially colored, and composed wholly of clay. In accordance with stipulation of counsel it was held that the merchandise in question consists of earthenware articles composed of a nonvitrified absorbent body, not artificially colored and composed wholly of clay, which articles are painted, colored, tinted, stained, enameled, gilded, printed, ornamented, or decorated. The claim of the plaintiff was therefore sustained.