**No. 56653.**—General Hide & Skin Corp. *v.* United States, protest 151633–K (New York).

MOLLISON, Judge:   The essential facts of this case are not in dispute, and are as follows: Under date of September 23, 1947, the plaintiff entered for warehouse 1,000 cattle hides, said to have arrived in the United States from Bolivia.   The merchandise apparently was landed at Pier 57, North River, N. Y., and there retained under customs custody.   Under date of September 24, 1947, application

was made on behalf of the plaintiff to withdraw and ship 650 of the hides to Turkey, and exportation of the same was effected on September 25 or 26, 1947. On September 28, 1947, the pier on which the hides had been stored was destroyed by fire.

On September 29, 1947, application was made by the filing of a transportation entry to withdraw the remaining 350 hides and export the same to Italy, and on October 7, 1947, the transportation entry was marked "Canceled" by the collector's office, apparently for the reason that the goods could not be found for delivery.

On March 23, 1949, the warehouse entry was liquidated and duty assessed on the 350 hides at the rate of 5 per centum ad valorem under the provisions of paragraph 1530 (a) of the Tariff Act of 1930, as modified by the trade agreement with Paraguay, T. D. 51649. On April 18, 1949, the present protest was filed, together with an application for abatement or refund of duty under the provisions of section 563 of the Tariff Act of 1930. That section vests in the Secretary of the Treasury authority, upon proof satisfactory to him, to abate or refund, as the case may be, the duties upon merchandise destroyed by fire or other casualty while in customs custody.

The same statute authorizes the Secretary to prescribe regulations, among other things, limiting the time within which proof of loss, etc., shall be submitted, and in pursuance thereof section 15.1 of the Customs Regulations of 1943 was promulgated, limiting the time within which application for abatement under said section 563 of the Tariff Act of 1930 might be filed to 30 days after the discovery by the importer or his agent of the loss, etc., and the submission of evidence of loss to 90 days after the said date.

The application transmitted with the protest shows on its face that it was prepared within the 30-day period above mentioned, but it is admitted in the protest that it was not filed within the required period because of inadvertence. The collector declined to reliquidate under the said protest and duly transmitted the same to this court.

In this court, the protest was amended by adding thereto the following claim:

It is further claimed that the merchandise was manifested but not found and hence constitutes a non-importation for which refund of duty should be allowed.

and this is the only claim pressed here.

There is in evidence as plaintiff's exhibit 2 a document entitled "Warehouse or Rewarehouse Permit" on the reverse side of which the following appears:

### REPORT OF DOCK EXAMINATION

57 NR    9/25/47

*To the Collector of Customs:*

I certify that the articles covered by this permit have been examined or sampled.

[Sgd.]    B. MANPEARL
Examiner or Sampler.

### REPORT OF WEIGHER'S, GAUGER'S, OR MEASURER'S ACTION

57 NR    9/25/47

*To the Collector of Customs:*                    100%

I certify that the articles covered by this permit have been weighed, gauged, measured, or stamped as directed.

[Sgd.]    B. MANPEARL
Weigher, Gauger, or Measurer.

INSPECTOR'S REPORT

57 NR    10/28/47

*To the Collector of Customs:*

The articles covered by this permit have been landed, released, or disposed of as directed, and are in apparent good order, except as noted below:

Of the within, 650 pcs
released from wharf on
WD. EXP. 02584, and
        (manifested)
350 pcs (not found)  presumed
to be lost in fire at
57 NR 9/28/47.

[Sgd.]    J. J. MORAN

The plaintiff herein bases its claim upon the contention that "there is no evidence to support a presumption that the hides were imported," but that, on the contrary, from the fact that the customs inspector at Pier 57 reported that the 350 hides in question were "manifested" but "not found" the plaintiff has made a *prima facie* showing that the hides were not imported, and consequently are not chargeable with duty.

In support of this contention counsel for the plaintiff cites in the brief filed in its behalf the cases of *Meadows, Wye & Co.* v. *United States*, 12 Ct. Cust. Appls. 396, T.D. 40583, and *Abraham & Straus, Inc.* v. *United States*, 26 Cust. Ct. 87, C. D. 1305. Also cited as analogous is the case of *Milton Snedeker Corp.* v. *United States*, 26 Cust. Ct. 367, Abstract 55271, and, as embodying the rule of law involved, the cases of *United States* v. *Browne Vintners Co., Inc.*, 34 C. C. P. A. (Customs) 112, C.A.D. 351, and *United States* v. *Washington State Liquor Control Board*, 34 C. C. P. A. (Customs) 118, C. A. D. 352.

The *Meadows, Wye & Co.* and *Abraham & Straus, Inc.*, cases concerned situations wherein packages enumerated upon the invoices were landed and upon examination by the customs officers were found to be empty or short of items called for by the invoices, and it was held that such showing either created a presumption or established *prima facie* that the short or empty condition prevailed at the time of importation, i. e., upon crossing the customs line.

This situation obviously does not obtain in the case at bar, for the report of dock examination and the report of weigher's, gauger's, or measurer's action, both under date of September 25, 1947, far from establishing that a shortage existed when the merchandise was landed on Pier 57, indicate that the hides were examined when landed and that "100%" was weighed on that date. The situation here, in fact, is the reverse of that which obtained in the cited cases in that the customs officers did *not* report a shortage at the time of examination after landing, and, therefore, there is no evidence that one existed at that time.

The other three cited cases relate to the issue of nonimportation and the proof requisite to establish the fact thereof. All of them indicate that the burden is on the plaintiff to establish the facts of nonimportation. The plaintiff herein has failed to meet that burden, and, on the contrary, the record facts appear to disprove, rather than to prove, nonimportation.

On the record made the protest claims must be overruled. Judgment will issue accordingly.