HAMRAH BROS. *v.* UNITED STATES (No. 2104).[1]

1. EVIDENCE—ANSWER TO PROTEST.

The appraiser's answer to a protest, if for no other reason than that it comes after the liquidation, can not conclude an issue as to the validity of the liquidation.—American Bead Co. *v.* United States (7 Ct. Cust. Appls., 161; T. D. 36465).

---

**2. RECORD, SUFFICIENCY OF.**
   Before deciding important questions of law, this court must have such a record as to make such decisions necessary to the determination of the cause.

**3. EVIDENCE, SUFFICIENCY—SHORTAGE—APPRAISER'S REPORT.**
   Whether or not the appraiser's report as to quantities of imported merchandise provided for by paragraph K, section III, tariff act of 1913, or his report of a shortage provided for by section 2921 of the Revised Statutes is conclusive upon the collector or subject to review is not decided. The report of the collector's law division—" Case recoopered; contents, 3 boxes intact "—with no statement as to the contents of the " 3 boxes intact " or the number of boxes contained in the original, does not counteract the appraiser's report that there was a shortage.

## United States Court of Customs Appeals, November 21, 1921.

APPEAL from Board of United States General Appraisers, Abstract 44193.

[Reversed.]

*Walden & Webster* (*Henry J. Webster* of counsel) for appellants.
*William W. Hoppin*, Assistant Attorney General (*John J. Mulvaney*, special attorney, of counsel), for the United States.

[Oral argument Oct. 6, 1921, by Mr. Webster and Mr. Mulvaney.]

Before DE VRIES, Presiding Judge, and SMITH, BARBER, and MARTIN, Associate Judges.

DE VRIES, Presiding Judge, delivered the opinion of the court:

This appeal concerns an importation of a single case of goods which, upon arrival at the port of New York, was sent to the public stores for examination and appraisement. The question involved is one of shortage. It appears that upon arrival at that port and before transmission to the public stores for examination and appraisement the attention of the law division of the collector of customs was called to the package. The following notation was made by an official of that division upon a slip attached to the invoice, which reads:

Respectfully returned to 7th Div. Law. Div. reports case recoopered; contents, 3 boxes intact. L. R. A. D. C. 12/3/18.

The appraiser upon receipt of the package at the public stores made examination thereof, whereupon and upon the summary of entered value, etc., attached to the invoice and upon which was the appraisers' report of appraisement, quantity, rate, etc., in column 3, headed: " Return of rate and *quantity*," was inserted by the appraiser the word " Short," and below that written " Deduct * * * as noted." " Goods not in case as noted. Case not full and in bad order; not corded and sealed; counted on wharf." Upon

the invoice in the same ink and handwriting is indicated every item not found in the package by the appraiser.

This was all the evidence before the collector *at the time of liquidation*, though in the answer to protest other matters were stated affecting the situation by the appraiser. In the view of the court the answer to the protest having been submitted subsequent to the decision of and liquidation by the collector, if for no other reason, was not conclusive of the issue of whether or not the liquidation was valid.—American Bead Co. *v.* United States (7 Ct. Cust. Appls., 161; T. D. 36465).

Paragraph K of section III of the customs administrative law imposes upon and vests in the appraiser the duty of ascertaining and reporting to the collector the *parcels* and *quantities* of merchandise imported in a particular importation. That paragraph reads:

K. That it shall be the duty of the appraisers of the United States, and every of them, and every person who shall act as such appraiser, or of the collector, as the case may be, by all reasonable ways and means in his or their power to ascertain, estimate, and appraise (any invoice or affidavit thereto or statement of cost, or of cost of production to the contrary notwithstanding) the actual market value and wholesale price of the merchandise at the time of exportation to the United States, in the principal markets of the country whence the same has been imported, and the number of yards, *parcels*, or *quantities*, and actual market value or wholesale price of every of them, as the case may require. (Italics ours.)

In our view the court does not find it necessary to decide whether or not a return made by the appraiser under that statute, such as here made, is conclusive upon the collector or subject to review. The board in the decision below rested its conclusion solely upon the relative sufficiency of the evidences before the collector, holding that the aforesaid report of the law division was sufficient to overcome the subsequent return of the appraiser to the collector.

In addition to the power vested in the appraiser by said paragraph K, section 2921 of the Revised Statutes expressly vests in the appraiser, and the appraiser alone, the duty of returning to the collector " shortage " in the following language:

SEC. 2921. If, on the opening of any package a deficiency of any article shall be found, on examination by the appraisers, the same shall be certified to the collector on the invoice, and an allowance for the same be made in estimating the duties.

The court is of the view that the evidence actually before the collector in disputation of the return of the appraiser was not sufficient to in any wise counteract the same. The case, therefore, does not necessarily present to the court for determination the question of the full *legal effect* of the report of the appraiser to the collector, or any other question than the sufficiency of the evidence in this record, which is in the form of the report of the law division of the collec-

tor, to challenge and rebut the return of the appraiser. It will be noted that the law officials simply stated that "the case had been recoopered and that the contents were 3 boxes intact." There is no statement here or evidence of the contents of the boxes returned as "intact," or the number of boxes contained in the original. There is in fact absolutely no evidence whatsoever as to the original number of boxes in the case, or the original contents of each of the boxes contained in the case. This is all the evidence in the record in disputation of the appraisers's return to the collector when decision was by the collector rendered.

While the court thus limits its decision in the view that before the important questions of law should be decided in a case, a record should be made which *necessarily* calls for their decision and makes decision thereof necessary thereto, else a decision in those particulars is obiter. It is not improper to state that serious question is involved in this situation whether or not any such return of the appraiser is the subject of disputation.—United States *v.* Shallus (2 Ct. Cust. Appls., 332; T. D. 32074), Madeira Embroidery Co. *v.* United States (9 Ct. Cust. Appls., 140; T. D. 37990). In the former case this court said:

This statute, however, is remedial and not substantive. It establishes a rule of evidence denominating what shall constitute legally sufficient proof of the condition of the merchandise at the time of crossing the customs line and is not an amendment of or exception to the substantive law fixing the time when duties accrue.

It will be borne in mind that the particular package imported was at all times in the custody of the Government; that the importers were excluded from its possession, control, or even examination prior to its arrival at the public stores; that it was transported by the Government's agents in bond; and that the loss, if any, occurred while in the Government's custody and while the importers were excluded from its possession. In this situation, to relieve the Government of responsibility for the loss of the property of the citizen, while in the custody of the Government, is an injustice, and to further proceed to compel the importers to pay duties upon merchandise lost or stolen while in the customs custody, from the possession of which the importers were excluded, seems without any justification whatsoever. See Kentucky Distilleries & Warehouse Co. *v.* Hamilton, collector of internal revenue (274 Fed., 209).

Decision, however, in this case is rested upon the facts of the particular case, to wit, that there is not sufficient, if any, evidence in the case in disputation of the return of shortage by the appraiser made to the collector in accordance with the statutory authority.

*Reversed.*