MILLS & GIBB CORPORATION *v.* UNITED STATES (No. 2508)[1]

1. TIME OF IMPORTATION AND DUTY ACCRUAL.

Customs duty attaches when goods are imported, and they are imported when they come within the jurisdiction of the customs district.

2. CONSTRUCTION, SECTION 499, TARIFF ACT OF 1922—SHORTAGE.

Section 499, Tariff Act of 1922, refers to deficiencies in "quantity, weight, or measure" at the time of importation, and not such as may occur afterwards. Congress has not provided that the Government shall be an insurer of imported goods while in customs custody. A protest against the assessment of duty upon a case of goods, imported but lost in customs custody, was properly overruled.

United States Court of Customs Appeals, May 11, 1925

APPEAL from Board of United States General Appraisers, Abstract 48209

[Affirmed.]

*Curie, Lane & Wallace (Samuel Isenschmid* of counsel) for appellant.
*William W. Hoppin,* Assistant Attorney General *(Samuel M. Richardson* and *Reuben Wilson,* special attorneys, of counsel), for the United States.

[Oral argument March 30, 1925, by Mr. Isenschmid and Mr. Richardson]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

A case of merchandise, No. 7313, was landed but could not be found for delivery to the importer. The importer claimed a shortage as to this case and protested when required to pay duty at the regular rate thereon. The report of the collector is as follows:

The discharging inspectors report case 7313 was landed and not found for delivery.

---

[1] T. D. 40933.

The inspector's report, made a part of the record, is:

M. G. 7313—One c/s landed but not found for delivery.

The appellant assigns error, insisting that section 499 of the Tariff Act of 1922 repeals section 2921, Revised Statutes; that the word "examination" as used in said section 499 should be held to refer to any examination which may be made of the goods in question by any customs official in any way having to deal with the goods prior to delivery to importer; that Congress, by the omission of the words "by the appraisers" in said section 499, intended to broaden the meaning of the statute to include all such reports as the one by the inspector in this case.

Section 499 of the Tariff Act of 1922 is as follows:

SEC. 499. EXAMINATION OF MERCHANDISE.—Imported merchandise, required by law or regulations made in pursuance thereof to be inspected, examined, or appraised, shall not be delivered from customs custody, except as otherwise provided in this act, until it has been inspected, examined, or appraised and is reported by the appraiser to have been truly and correctly invoiced and found to comply with the requirements of the laws of the United States. The collector shall designate the packages or quantities covered by any invoice or entry which are to be opened and examined for the purpose of appraisement or otherwise and shall order such packages or quantities to be sent to the public stores or other places for such purpose. Not less than one package of every invoice and not less than one package of every ten packages of merchandise, shall be so designated unless the Secretary of the Treasury, from the character and description of the merchandise, is of the opinion that the examination of a less proportion of packages will amply protect the revenue and by special regulation permit a less number of packages to be examined. The collector or the appraiser may require such additional packages or quantities as either of them may deem necessary. If any package is found by the appraiser to contain any article not specified in the invoice and he reports to the collector that in his opinion such article was omitted from the invoice with fraudulent intent on the part of the seller, shipper, owner, or agent, the contents of the entire package in which such article is found shall be liable to seizure, but if the appraiser reports that no such fraudulent intent is apparent then the value of said article shall be added to the entry and the duties thereon paid accordingly. If a deficiency is found in quantity, weight, or measure in the examination of any package, report thereof shall be made to the collector, who shall make allowance therefor in the liquidation of duties.

Section 2921, Revised Statutes, which was expressly repealed by section 642, Tariff Act of 1922, is as follows:

If, on the opening of any package, a deficiency of any article shall be found, on examination by the appraisers, the same shall be certified to the collector on the invoice, and an allowance for the same be made in estimating the duties.

The customs duty on case 7313 attached when the goods were imported. They were imported when they came within the jurisdiction of the customs district. *United States v. Shallus*, 2 Ct. Cust. Appls. 332, T. D. 32074; *Cuccio & Co. v. United States, idem* 336, T. D. 32075.

The report of the discharging inspector shows that the goods in question were duly imported. Duty, as charged, therefore accrued upon them, unless otherwise provided by section 499, supra.

Section 499 has no reference to losses which may occur in imported goods after importation. It refers only to deficiencies in "quantity, weight, or measure" at the time of importation. If, by the machinery devised by said section, it is made to appear to the collector that at the time the entered goods came into the customs jurisdiction of his district, there was a deficiency in the same, the Congress has further provided that duty shall not be collected except upon the goods actually imported. But that is as far as the meaning of section 499 may be extended. Deficiencies occurring after importation are not provided for in this section.

The question, therefore, as to whether deficiencies may be reported by other customs officials than the local appraiser does not arise here, as no such deficiency was reported in this case.

The record is silent as to the disposition of the case of goods in question. It is urged that as they were lost while in customs custody, the Government should not, in justice, collect the duty accrued. The answer to this is that the Congress has not provided that the Government shall be an insurer of imported goods while in customs custody, and the remedy for such a condition, if one is needed, is legislative, and not judicial.

Counsel for appellant cite *Hamrah* v. *United States*, 11 Ct. Cust. Appls. 147, T. D. 38945, and other cases. On examination, it will be found in each of the cases cited, the goods upon which a shortage allowance was made were goods sent to the appraiser's store, and the shortage reported by the appraiser. It was therefore assumed that in these cases there was a deficiency at the time of importation. The authorities cited are not in point in this case.

The judgment of the court below is *affirmed*.