McKESSON & ROBBINS (INC.) *v.* UNITED STATES (No. 2537) [1]

ALLOWANCE—CASE STOLEN BEFORE REACHING APPRAISER.
One of a number of cases of imported goods, though landed, failed to reach the appraiser and was claimed to have been stolen from the pier. The appraiser so reported to the collector. Section 499, Tariff Act of 1922, directs the collector to make an allowance for any deficiency reported by the appraiser in the examination of any package. Duty attached when the goods were brought within the customs jurisdiction with intent to unlade, and this was not a deficiency in any package examined by the appraiser. The collector properly refused to make allowance.

United States Court of Customs Appeals, June 3, 1925

APPEAL from Board of United States General Appraisers, Abstract 48874

[Affirmed.]

*James W. Bevans* for appellant.
*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence* and *Ralph Folks,* special attorneys, of counsel), for the United States.

[Oral argument May 21, 1925, by Mr. Bevans and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:
Five cases of opium, invoiced as containing 736 pounds of the drug and designated as Nos. 145, 146, 147, 148, and 149, were landed at the port of New York and ordered to public stores for examination. Case No. 146, invoiced as containing 157 pounds of opium, was reported as stolen while on the pier in charge of the customs inspector and never came into the custody of the appraiser.

At the public stores the annotation " 146—not received, P. S." was made on the invoice. On the summary of examination and appraisement the appraiser made the following memorandum, "importer claims case 146 stolen from the pier."

The collector of customs assessed duty on the quantity of opium invoiced as contained in the missing case, and against that action the importer protested on the ground that a deficiency had been reported by the appraiser to the collector, for which an allowance should have been made in accordance with the provisions of section

---

[1] T. D. 40959.

499 of the Tariff Act of 1922. Section 499, in so far as pertinent, reads as follows:

Sec. 499. Examination of merchandise. * * * The collector shall designate the packages or quantities covered by any invoice or entry which are to be opened and examined for the purpose of appraisement or otherwise and shall order such packages or quantities to be sent to the public stores or other places for such purpose. * * * If a deficiency is found in quantity, weight, or measure in the examination of any package, report thereof shall be made to the collector, who shall make allowance therefor in the liquidation of duties.

Importer's counsel contends earnestly that a deficiency was certified to the collector by the appraiser and that it was the duty of the collector to make the allowance prescribed by the section just quoted. We find ourselves unable to agree with that contention.

Goods not on the free list are subject to duty once they are carried within the customs jurisdiction with intent to unlade them, and the collector has no power or authority to relieve them of duty except in the manner and to the extent prescribed by statute. The allowances of duties on goods not found in examined packages was for the first time authorized by section 21 of the act of August 30, 1842, which section, in so far as pertinent, reads as follows:

Sec. 21. * * * *Provided further*, That if on the opening of any of the *package* or *packages* of goods, a deficiency of any article shall be found, *on examination by the appraisers*, the same shall be certified to the collector on the invoice, and an allowance for the same be made in estimating the duties. (Italics not quoted.)

Section 21 subsequently became section 2921 of the Revised Statutes and is the predecessor of section 499 of the act of 1922. Section 21 of the act of 1842, section 2921 of the Revised Statutes, and section 499 of the act of 1922 do not authorize the collector to make any allowance of duties for goods actually imported and *not examined for appraisement*. The authority to make allowances was expressly limited by all three provisions to deficiencies *in packages actually examined for appraisement*.

Package 146 was reported as stolen after it was landed and was not certified as examined and found deficient by the appraiser. The package not having been so certified by the appraiser to the collector, the opium contained in the package was subject to the duty which was assessed on the invoice weight thereof. *Mills & Gibb Corporation* v. *United States*, 13 Ct. Cust. Appls. 72, T. D. 40933.

The case of *McKesson & Robbins (Inc.)* v. *United States*, 11 Ct. Cust. Appls. 481, T. D. 39572, is not in point, inasmuch as the package upon which the importer claimed an allowance was actually examined by the appraiser and certified by him to the *collector as empty*.

The judgment of the Board of General Appraisers is *affirmed*.