UNITED STATES *v.* DENT, ALLCROFT & CO. (INC.) (No. 3013) [1]

United States Court of Customs Appeals, January 30, 1928

*Charles D. Lawrence* (*Marcus Higginbotham,* special attorney, of counsel), for the United States.
*Curie, Lane & Wallace* (*Samuel Isenschmid* of counsel) for appellee.

[1] T. D. 42588.

[Oral argument December 6, 1927, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The appellee imported a shipment of gloves in cases. Case No. 600 was examined by the discharging inspector and he noted, on a slip attached to the entry, that this case contained $3\frac{2}{12}$ dozen pairs of gloves less than the invoiced amount. On request of the importer, this case was sent to the public stores for examination. The appraiser duly reported to the collector that he found the case to be $13\frac{5}{12}$ dozen pairs short. Thereupon the collector liquidated the entry, allowing to importer a shortage of $3\frac{2}{12}$ dozen pairs only. The importer protested, insisting it should be allowed a shortage as reported by the appraiser. On appeal, the Customs Court sustained the protest, and the Government has appealed from said judgment.

It is argued by the Government that, as it appears from the report of the discharging inspector that the case, when landed, was only $3\frac{2}{12}$ dozen pairs of gloves short, the rest of the goods must have been actually imported, and, having been so imported, are dutiable, irrespective of any shortage the appraiser may thereafter have found; in other words, if the goods were abstracted from the case between the examination of the inspector and the appraiser's examination, this can not affect their dutiability. To support this theory, the Government relies upon *Mills & Gibb Corp.* v. *United States*, 13 Ct. Cust. Appls. 72, T. D. 40933.

Practically this same question has, on several occasions, been propounded to this court for solution. *United States* v. *Shallus*, 2 Ct. Cust. Appls. 332, T. D. 32074, construed section 2921 R. S., which provided:

If, on the opening of any package, a deficiency of an article shall be found, on examination by the appraisers, the same shall be certified to the collector on the invoice, and an allowance for the same be made in estimating the duties.

The court said:

While it is true under the ordinary hard and fast principle of substantive law that duties accrue upon imported merchandise at the exact moment they cross the line within the customs district, it is equally true that the whole framework of customs administrative law and regulations are [is] constructed upon the principle that, while duties actually accrue at the time stated, the ascertainment of the amount of duties which have thus and then accrued, and the amount of merchandise which has been imported, its condition, and in every respect its dutiable status, are ascertained as of the time they cross said line by examinations and inspections of their condition at the subsequent time of weighing, gauging, appraising, etc. It would be a physical impossibility to otherwise ascertain their dutiable status.

In *Madeira Embroidery Co.* v. *United States*, 9 Ct. Cust. Appls. 140, T. D. 37990, the same section was under consideration. There

the case of goods in question had been landed and, from the report of the inspector, the case was delivered to the public stores carman in apparently good condition. The appraiser reported the contents of the case to be missing. The collector, however, held the contents to be dutiable, and the Board of General Appraisers sustained him. This court reversed the board, saying, *inter alia*:

This statute contemplates that where the examination is made by the appraisers and a deficiency in articles shall be found, a certificate to the collector to that effect shall be made and that an allowance shall be made by the collector. The statute is mandatory and is not ambiguous in any of its terms.

In *Hamrah* v. *United States*, 11 Ct. Cust. Appls. 147, T. D. 38945, a case of goods, before being sent to public stores, was reported by an official to be intact as to its contents. The appraiser who examined the case reported certain shortages. The case turned upon a construction of said section 2921, R. S., and Paragraph K of Section III of the tariff act of October 3, 1913. Said paragraph is as follows:

K. That it shall be the duty of the appraisers of the United States, and every of them, and every person who shall act as such appraiser, or of the collector, as the case may be, by all reasonable ways and means in his or their power to ascertain, estimate, and appraise (any invoice or affidavit thereto or statement of cost, or of cost of production to the contrary notwithstanding) the actual market value and wholesale price of the merchandise at the time of exportation to the United States, in the principal markets of the country whence the same has been imported, and the number of yards, parcels, or quantities, and actual market value or wholesale price of every of them, as the case may require.

The court, while refraining from deciding whether the appraiser's report was mandatory, held that the evidence furnished by the official's report that the goods were intact was insufficient to counteract the evidence furnished by the appraiser's return of shortage.

*United States* v. *Lippman, Spier & Hahn*, 11 Ct. Cust. Appls. 336, T. D. 39145, also under the said act of 1913, dealt with a case of goods sent to the appraiser's stores for examination, the contents of which were reported by the appraiser to be short certain specified amounts. The discharging inspectors had reported that the case was landed in good order. The collector assessed duty upon the invoiced quantity, ignoring the appraiser's report. The court said:

We regard the real question here to be whether or not this statute requires the collector to make an allowance for the shortages found by the appraiser in this case. We think it does, and that the collector had no authority to take duty upon the missing articles.

Again, in McKesson & Robbins v. United States, 11 Ct. Cust. Appls. 481, T. D. 39572, also under the said act of 1913, the discharging inspector reported a certain case of opium landed in good order; the appraiser reported a large shortage from the invoiced amount. The collector ignored this report of shortage and assessed

full duty. This court, after noting that the missing goods had probably been removed after landing, said:

It is well settled that duty attaches upon merchandise at the time it enters the customs district. However, the involved details of handling and the attending difficulties in the ascertainment of the dutiable status of merchandise, required that legislative authority and responsibility for determination of dutiable status be given to some recognized agent of the Government.

So far as the question involved in this case is concerned, the statutory authority and responsibility for determination of quantity devolves upon the appraiser by the provisions of section 2921, Revised Statutes.

*    *    *    *    *    *    *

The section is unambiguous and mandatory and the collector is required by said section to make an allowance for any deficiency reported to him by the appraiser thereunder, in the absence of fraud, when the merchandise has at all times been in the uninterrupted possession of the Government.

The Tariff Act of 1922, under which the case at bar is brought, is in no material respects different from the statutes involved in the cases cited. The relevant provisions are:

Sec. 499. *  *  * If a deficiency is found in quantity, weight, or measure in the examination of any package, report thereof shall be made to the collector, who shall make allowance therefor in the liquidation of duties.

Sec. 500. Duties of the appraiser, assistant appraiser, and examiner.— (a) It shall be the duty of the appraiser under such rules and regulations as the Secretary of the Treasury may prescribe—

(1) To appraise the merchandise in the unit of quantity in which the merchandise is usually bought and sold by ascertaining or estimating the value thereof by all reasonable ways and means in his power, any statement of cost or cost of production in any invoice, affidavit, declaration, or other document to the contrary notwithstanding; *  *  *

The duty here imposed upon the collector to follow the report of the appraiser as to shortage is no less mandatory than it was under preceding statutes. Whether such report might be, under certain conditions, impeached is not before us now. But certainly it can not be impeached by the report of a discharging inspector or other customs official, the duty being imposed upon the appraiser, and upon him alone, to determine such shortage in all goods sent to his stores for examination.

There is nothing in *Mills & Gibb Corp.* v. *United States, supra*, to detract from this conclusion. In the case cited, the goods in question were landed and were never sent to the appraiser's stores. Hence the appraiser could have made no report of a shortage. In this event the report of the discharging inspector was evidence that the goods were imported, and there being no evidence of any kind, or report of the appraiser, to contradict this, the goods were, of course, dutiable. Counsel for the Government have failed to observe the distinction made by the cases between instances where goods are landed and no examination of them is made by the appraiser, and cases where shortages are reported by the appraiser after examina-

412

tion.   In the first class of cases the report of the landing of the goods is the only evidence of their condition when imported; in the latter class of cases, the evidence furnished by the appraiser's report is, by the statute, made to speak as of the condition of the goods at the time of importation, and should be followed by the collector in assessing duty.

The judgment of the Customs Court is, therefore, *affirmed*.