(C. D. 1632)

VICTOR IMPORTING CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 30, 1954)

*Barnes, Richardson & Colburn* (*Edward N. Glad, James F. Donnelly,* and *E. Thomas Honey* of counsel) for the plaintiff.

*Warren E. Burger,* Assistant Attorney General (*Richard E. FitzGibbon* and *William J. Vitale,* trial attorneys), for the defendant.

Before EKWALL and JOHNSON, Judges

JOHNSON, Judge: This controversy arises by reason of an importation of four cases of glass beads on strings, upon which duty was assessed at the rate of 45 per centum ad valorem under the provisions

of paragraph 1503 of the Tariff Act of 1930. The claim relied upon by the plaintiff is that duty was illegally assessed upon the merchandise invoiced as being in case number 123, which was the case designated by the collector of customs for public stores' examination. When the truckman sought to deliver such case to the appraiser's stores from the pier, it was found to be empty when examined by customs officials. It is contended that under the provisions of section 499, as amended, and the Customs Regulations of 1943, section 15.8 (b), it is mandatory that no duty should be assessed thereon.

At the trial, it was orally stipulated and agreed between counsel for both sides as follows:

(1) The merchandise consists of four cases of strings of beads which were entered and assessed at 45 percent ad valorem under the provisions of paragraph 1503 of the Tariff Act of 1930.

(2) The entry was made on June 27, 1946, at the Port of New York and the Collector of Customs designated case No. 123 for public store examination in accordance with the provisions of section 499 of the Tariff Act of 1930 as amended by section 16 (a) of the Customs Administrative Act of 1938 and pursuant to section 8.22 of the Customs Regulations of 1943.

(3) Case No. 123 was landed from the S. S. Lillian Nordica, arrival of June 22, 1946, at Pier 2, Hoboken, N. J., in good condition and was still intact at the time of segregation on behalf of the steamship company on the pier for public store examination on July 1, 1946.

(4) On July 2, 1946, when the truckman arrived to remove case No. 123 from the pier to public stores the case was found empty.

(5) That neither case No. 123 nor its contents has been released to or upon the order of the steamship company to the importer.

(6) With the approval of the court all of the papers in the official file transmitted to the court with the protest may be received in evidence.

MR. VITALE: The Government so stipulates, your Honor.

Counsel for the plaintiff contends that the presumption exists that the empty condition of the case, not disclosed until such inspection, was the condition thereof at the time of importation, citing *United States* v. *Shallus*, 2 Ct. Cust. Appls. 332, T. D. 32074; *United States* v. *Lippmann, Spier & Hahn*, 11 Ct. Cust. Appls. 336, T. D. 39145; *Abraham & Straus, Inc.* v. *United States*, 26 Cust. Ct. 87, C. D. 1305, and others.

The Government contends that the plaintiff has failed to establish that the contents of case 123 were not imported; that the case was not examined as provided in section 499; and that, in the absence of corroborative evidence to the contrary, the fact that the case was later found empty is not sufficient to overcome the direct proof of importation.

Particularly in the light of the admission that the case was landed in good order, according to Government counsel, it cannot be presumed that the case was empty at the time it crossed the customs line, citing *Ungerer & Co., Inc.* v. *United States*, 29 Cust. Ct. 302,

C. D. 1483; *General Hide & Skin Corp.* v. *United States,* 28 Cust. Ct. 475, Abstract 56653.

Section 499 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, provides as follows:

Imported merchandise, required by law or regulations made in pursuance thereof to be inspected, examined, or appraised, shall not be delivered from customs custody except under such bond or other security as may be prescribed by the Secretary of the Treasury to assure compliance with all applicable laws, regulations, and instructions which the Secretary of the Treasury or the Customs Service is authorized to enforce, until it has been inspected, examined, or appraised and is reported by the appraiser to have been truly and correctly invoiced and found to comply with the requirements of the laws of the United States. The collector shall designate the packages or quantities covered by any invoice or entry which are to be opened and examined for the purpose of appraisement or otherwise and shall order such packages or quantities to be sent to the public stores or other places for such purpose. * * * If a deficiency is found in quantity, weight, or measure in· the examination of any package, report thereof shall be made to the collector, who shall make allowance therefor in the liquidation of duties.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

Sections 8.22 and 15.8 (b) of the Customs Regulations of 1943, as amended, provide as follows:

8.22　Designation of merchandise to be examined.—Pursuant to section 499, Tariff Act of 1930, as amended, the collector shall designate in the appropriate spaces on customs Form 6417, by marks and numbers, if any, and with respect to each invoice, the packages to be examined and the place where the examination is to be made if elsewhere than at the public stores. He shall also indicate the examination packages on the permit and, if he deems it necessary, on the entry. The order for examination on customs Form 6417 shall be signed by the collector, the assistant collector, a deputy collector, or a customs officer officially acting as such. If the merchandise is bulky, inflammable, explosive, or dangerous, the collector shall direct examination on the wharf or at any other suitable place, subject to the approval of the appraiser. The designation of examination packages by marks and numbers is not required in such cases unless the collector shall deem it necessary to protect the revenue. When merchandise is to be gauged, measured, or weighed, the collector shall so indicate on the invoice, the permit, and, if he deems it necessary, on the entry. * * *

15.8 (b)　When a deficiency in any package designated for examination is reported to the collector by the appraiser or other customs officer concerned with the examination contemplated by section 499, Tariff Act of 1930, as amended, allowance shall be made in accordance with the last sentence of the first paragraph of that section, unless it appears upon inquiry by the collector that the missing merchandise was actually received by the importer, and subject in appropriate cases to the limitations of paragraph 813 and sections 315 and 563 (a) of the tariff act as amended, and the regulations thereunder.

From the stipulation of the parties hereto, it would appear that the case was landed from the importing vessel "in good condition" and was still intact at the time of segregation on behalf of the steamship company on the pier for public store examination on July 1, 1946.

It is disclosed, however, from all of the papers in the case, also

marked in evidence, that on August 1 the appraiser notified the collector that the public stores' case had not been received for examination. Thereafter, a customs agent notified the collector by letter of August 6 that—

When interviewed on August 2, 1946, Customs Inspector Suess stated that he did not receive any bad order list from the steamship company, as when the cargo was discharged from the above-named vessel there was no checker assigned to tally the unlading. He stated that he and steamship company employees made a search of the pier but did not find any of the missing merchandise. The hold of the vessel was not searched, as same was laden with outgoing cargo and the vessel was prepared to sail.

The above information was verified by William Taylor, delivery clerk, and Vincent Downing, dock boss.

The records of the port patrol office at Hoboken, N. J., do not show that any of the missing merchandise was seized or recovered.

This office has been unable to determine who removed the missing merchandise.

In reply to the appraiser's inquiry, appeared the following:

Inspector reports #123 P. S. case landed in good order, on delivery found empty. * * *

Section 499 is in reference to imported merchandise required by law to be inspected, examined, and appraised. It then prescribes that there shall not be a delivery thereof until it has been so inspected, examined, and appraised and a report is made by the appraiser. To that end, the collector is required to designate the packages or quantities which are to be opened and examined for the purpose of appraisement or otherwise and shall order same sent to the public stores or other places for such purpose. If a deficiency is found in quantity, weight, or measure in the examination of any package, report thereof shall be made to the collector, who shall make allowance therefor in the liquidation of duties.

The correlative section before amendment by the Tariff Act of 1922, in force during the Tariff Act of 1913, was section 2921 of the Revised Statutes. It provided relative to deficiencies in imported packages that the collector remit duties only when the same "shall be found, on examination by the appraisers, the same shall be certified to the collector on the invoice, and an allowance for the same be made in estimating the duties." The language was greatly liberalized by Congress in the Tariff Acts of 1922 and 1930, probably in view of the decisions of the appellate court in the cases of *United States* v. *Shallus, supra,* and *Hamrah Bros.* v. *United States,* 11 Ct. Cust. Appls. 147, T. D. 38945, where the court stated:

It will be borne in mind that the particular package imported was at all times in the custody of the Government; that the importers were excluded from its possession, control, or even examination prior to its arrival at the public stores;

that it was transported by the Government's agents in bond; and that the loss, if any, occurred while in the Government's custody and while the importers were excluded from its possession. In this situation, to relieve the Government of responsibility for the loss of the property of the citizen, while in the custody of the Government, is an injustice, and to further proceed to compel the importers to pay duties upon merchandise lost or stolen while in the customs custody, from the possession of which the importers were excluded, seems without any justification whatsoever.

It will be noted that section 499 does not require that the appraiser shall be the one to find the deficiency or make report thereof relative to the examination package. The only requirement is that "If a deficiency is found * * * the collector * * * shall make allowance therefor." However, the regulations promulgated pursuant to section 499, section 15.8 (b), supra, is a limitation of the plain wording of the statute when it restricts the deficiency found in any examination package to such as is reported to the collector by the appraiser or other customs officer concerned with the examination contemplated by section 499. Section 15.8 (b) originally provided in the Customs Regulations of 1943 that "When a deficiency in any package is reported to the collector by the appraiser or other customs officer, allowance shall be made under section 499," etc. [Italics supplied.] If Congress had intended to limit the report of deficiency made to the collector as found in any examination package to those officials concerned only with the appraisement of the merchandise and exclude those who have to do with the inspection and examination, it could easily have so provided, or, as a matter of fact, retained the wording appearing in the foregoing Revised Statutes.

The record establishes that the customs inspector reported the case to be empty, and we are of opinion that the inspection made by the customs inspector of the case on the pier of the package designated for examination, disclosing its empty condition, is such inspection as section 499 requires the collector to make allowance for in case of deficiency. Had the inspector not reported such condition, and delivery had been effected to the public stores, the discovery of the empty condition of the case would have resulted in the remission of all duties taken upon the contents thereof.

The cases cited by the Government are not in point in the situation here presented, but the Abraham & Straus case, supra, is directly on all fours with the controversy here presented. There, also, the case designated for examination was found to be empty, and the court held that duty should not have been assessed thereon.

In view of the foregoing, it is clear that the regulations, insofar as they are restrictive of the plain intention of Congress, are to such extent illegal and void, and that duty should not have been assessed

upon the quantities of the glass beads, etc., invoiced as contained in case number 123, not actually found as contained therein at the time of landing in the United States. Judgment will, therefore, be entered in favor of the plaintiff directing the collector to reliquidate the entry and refund all duties taken upon said merchandise in accordance with law.