(C. D. 1719)

H. S. Dorf & Co., Inc. *v.* United States

## United States Customs Court, Third Division

(Decided July 14, 1955)

*John D. Rode* (*Ellsworth F. Qualey* of counsel) for the plaintiff.
*Warren E. Burger*, Assistant Attorney General (*William J. Vitale*, trial attorney), for the defendant.

Before Ekwall and Johnson, Judges

Johnson, Judge: The merchandise involved in this case consists of linen embroideries, exported from China on or about June 11, 1950. No question is raised in the protest as to the rate of duty on the merchandise, but it is claimed that an allowance should have been granted for case No. 1 on the ground that it was not imported or did not enter the commerce of the country.

This case has been submitted upon a stipulation of counsel stating that the merchandise covered by the entry herein consisted of two cases of linen embroideries, assessed with duty at 70 per centum ad valorem under paragraph 1529 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and that at the time of entry the collector designated case No. 1 for public store examination, in accordance with the provisions of section 499 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938. The stipulation continues:

That Case No. 1 was landed from the s/s Pioneer Mail in good order and was on the pier on August 3, 1950, but neither the case not [*sic*] its contents was found for delivery when the truckman arrived on August 4, 1950, to remove the case for delivery to the Appraiser's Stores;

That the Collector of Customs did not issue a delivery ticket for Case Number 1 nor its contents;

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

On these facts, plaintiff contends that an allowance should have been made by the collector under section 499 of the Tariff Act of 1930, as amended, which reads as follows:

Imported merchandise, required by law or regulations made in pursuance thereof to be inspected, examined, or appraised, shall not be delivered from customs custody, except under such bond or other security as may be prescribed by the Secretary of the Treasury to assure compliance with all applicable laws, regulations, and instructions which the Secretary of the Treasury or the Customs Service is authorized to enforce, until it has been inspected, examined, or appraised and is reported by the appraiser to have been truly and correctly invoiced and found to comply with the requirements of the laws of the United States. The collector shall designate the packages or quantities covered by any invoice or entry which are to be opened and examined for the purpose of appraisement or otherwise and shall order such packages or quantities to be sent to the public stores or other places for such purpose. &ast; &ast; &ast; *If a deficiency is found in quantity, weight, or meas-*

*ure in the examination of any package, report thereof shall be made to the collector, who shall make allowance therefor in the liquidation of duties.* [Italics supplied.]

The underlying legal propositions in cases of this kind are that duty attaches upon imported merchandise at the time the vessel crosses the line of the customs district; that a cargo or part thereof so far destroyed as to be of no commercial value at the time it is brought within the customs district is not, as to the destroyed portion, deemed an "importation" and is not subject to duty; and that destruction or loss of the whole or any part of the cargo after the same enters the line of the customs district and before it is unladen or entered or surrendered from customs custody is not thereby, except by express statute, exempted from the payment of duties. *United States* v. *Shallus*, 2 Ct. Cust. Appls. 332, 333, T. D. 32074.

Plaintiff contends that the merchandise herein is exempted from the payment of duties by express statute (section 499, *supra*), citing *Victor Importing Co.* v. *United States*, 33 Cust. Ct. 40, C. D. 1632. There, it appeared that a certain case was landed in good condition, but when the truckman arrived to remove it to public stores it was found to be empty upon examination by customs officials. The Government claimed that since the case had been landed in good order, it could not be presumed that it was empty at the time it crossed the customs line. The court pointed out, however, that the customs inspector had reported the case to be empty and held that such report of deficiency required the collector to make an allowance under section 499, as amended. The court stated that duty should not have been assessed upon the quantities of merchandise "invoiced as contained in case number 123, *not actually found as contained therein at the time of landing in the United States.*" [Italics supplied.] In other words, it was assumed that the contents of the case had never been imported.

In the instant case, however, there is no report that the case was empty upon arrival. According to the stipulated facts and to the inspector's report, the case was landed in good order, but subsequently it could not be found.

In *Mills & Gibb Corporation* v. *United States*, 13 Ct. Cust. Appls. 72, T. D. 40933, a case of merchandise was landed but could not be found for delivery to the importer and the inspector so reported. The court held that no allowance could be granted under section 499 of the Tariff Act of 1922 (which so far as here material is the same as section 499 of the present tariff act, as amended), stating (p. 74):

The report of the discharging inspector shows that the goods in question were duly imported. Duty, as charged, therefore accrued upon them, unless otherwise provided by section 499, supra.

Section 499 has no reference to losses which may occur in imported goods after importation. It refers only to deficiencies in "quantity, weight, or measure" at the time of importation. If, by the machinery devised by said section, it is

made to appear to the collector that at the time the entered goods came into the customs jurisdiction of his district, there was a deficiency in the same, the Congress has further provided that duty shall not be collected except upon the goods actually imported. But that is as far as the meaning of section 499 may be extended. Deficiencies occurring after importation are not provided for in this section.

\* \* \* \* \* \* \*

The record is silent as to the disposition of the case of goods in question. It is urged that as they were lost while in customs custody, the Government should not, in justice, collect the duty accrued. The answer to this is that the Congress has not provided that the Government shall be an insurer of imported goods while in customs custody, and the remedy for such a condition, if one is needed, is legislative, and not judicial.

In *McKesson & Robbins (Inc.)* v. *United States*, 13 Ct. Cust. Appls. 124, T. D. 40959, one of the cases ordered to public stores for examination was reported as stolen on the pier in charge of the customs inspector. It was held that the authority to make allowances under section 499 was limited to deficiencies in packages actually examined and that, since the package was not certified to the collector as deficient, the merchandise was subject to duty.

In both these decisions, the court distinguished cases where a shortage was reported by the appraiser. In the *Mills & Gibb* case, the court noted that in such cases it was assumed that there was a deficiency at the time of importation.

In the matter before us, case No. 1 was actually landed in this country, and no deficiency was found in the package upon examination by the appraiser or any other customs officer, and there is nothing in the record on which to base an assumption that the case was empty when it arrived within the customs district; therefore, we are constrained to hold that no allowance may be granted under section 499 of the Tariff Act of 1930, as amended.

Section 563 of the Tariff Act of 1930, as amended, provides that there shall be no abatement or allowance in duties for any injury, deterioration, loss, or damage sustained by any merchandise while remaining in customs custody, except that the Secretary of Treasury is authorized to abate or refund duties in certain specified cases. Under that section, it was held that merchandise was subject to duty where it had been withdrawn from warehouse for exportation but had been stolen from the pier while in customs custody awaiting actual exportation. *Silberman-Becker Corp.* v. *United States*, 27 C. C. P. A. (Customs) 79, C. A. D. 65.

The court pointed out (p. 84):

Section 563 expressly provides that there shall be no abatement or allowance made in the duties for any loss sustained by any merchandise while in customs custody, except in certain specified cases which, it is admitted, do not include the theft here involved. That the furs here in question were, at the time of their theft, in customs custody is conceded.

It is expressly provided in said section that theft of merchandise while in the appraiser's stores is ground for abatement by the Secretary of the Treasury of the duties chargeable against such merchandise. No such provision is found for abatement of duties chargeable against merchandise arising from theft of the same while in customs custody but not in the appraiser's stores.

It seems to us that here the doctrine *expressio unius exclusio est alterius* applies, and that there is no provision of law by which relief may be granted to appellant.

The facts in the instant case do not fall within any of the statutory exemptions; therefore, since case No. 1 was actually landed in this country, and there is no evidence that the contents were missing at that time, the merchandise was properly assessed with duty by the collector. The protest is overruled and judgment will be rendered for the Government.