(C. D. 1801)

GIMBEL BROS., INC. v. UNITED STATES

## United States Customs Court, Third Division

(Decided August 30, 1956)

*John D. Rode* (*Ellsworth F. Qualey* of counsel) for the plaintiff.
*George Cochran Doub*, Assistant Attorney General (*Dorothy C. Bennett*, trial attorney), for the defendant.

Before EKWALL, JOHNSON, and DONLON, Judges

JOHNSON, Judge: The merchandise involved in this case consists of cotton cloth imported from Brazil on or about August 27, 1945, and entered for consumption at the port of New York on September 11, 1945. The entry was liquidated and duty assessed on June 18, 1946. Thereafter, a protest was filed, in which it was claimed that the collector had improperly converted the currency of the invoice into United States money. This case first appeared for a hearing by this court on January 22, 1947, and was thereafter suspended from time to time under other cases. On October 6, 1955, the court granted a motion to amend the protest by adding a claim that an allowance should have been made for merchandise reported short on examination at the appraiser's stores. On December 21, 1955, this case came on for trial, at which time the claim originally made in the protest was abandoned. The entry, invoice, and other official papers forwarded by the collector were offered and received into evidence, and the case was submitted.

According to the invoice and entry, the merchandise was packed in 4 cases, each containing 60 pieces of cotton goods. Case No. 2564, which was marked for examination at the appraiser's stores, was said to contain 2,694.2 yards. The inspector's report on the back of the entry permit, dated September 12, 1945, states:

The articles covered by this permit have been landed, released, or disposed of as directed, and are in apparent good order, except as noted below:

Of the within c/s #2564 Examined and found to contain 46 Pkges fabric.

Sent to P. S.    C & S    #411532
Landed in good order.
Case broken at time of dely.

According to the summary of examination and appraisement, case No. 2564 was inspected by the examiner on September 18, 1945. In the column headed "QUANTITIES," there appears the letter "S," indicating a shortage in quantity, and in the column headed "RE-MARKS," it is stated:

Shortage
CF 6423 9/18/45

This report was signed by the assistant appraiser and was approved by the appraiser on January 30, 1946. On the invoice, there is a notation in red ink, initialed by the examiner, "Found 2,063 yards." Above this is a pencil, notation "No allowance. Landed in good order. S. P." On liquidation, no allowance for shortage was made by the collector.

On this record, it is claimed that an allowance for shortage should have been made by the collector by reason of section 499 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, which provides:

* * * If a deficiency is found in quantity, weight, or measure in the examination of any package, report thereof shall be made to the collector, who shall make allowance therefor in the liquidation of duties.

The Government claims, however, that the inspector's report shows that the case was landed in good order but was later found broken with some packages missing; that this constitutes *prima facie* evidence that the invoice quantity was imported and that it is, therefore, subject to duty.

In discussing the cases on this subject, it is pertinent to note that the instant case involves a package which was landed and sent to the appraiser's stores for examination; it was examined, and a shortage was reported by the appraiser. The shortage was disregarded by the collector, apparently because of the inspector's report.

In a recent case, *H. S. Dorf & Co., Inc.* v. *United States*, 35 Cust. Ct. 43, 45, C. D. 1719, we pointed out that:

The underlying legal propositions in cases of this kind are that duty attaches upon imported merchandise at the time the vessel crosses the line of the customs district; that a cargo or part thereof so far destroyed as to be of no commercial value at the time it is brought within the customs district is not, as to the destroyed portion, deemed an "importation" and is not subject to duty; and that destruction or loss of the whole or any part of the cargo after the same enters the line of the customs district and before it is unladen or entered or surrendered from customs custody is not thereby, except by express statute, exempted from the payment of duties. *United States* v. *Shallus*, 2 Ct. Cust. Appls. 332, 333, T. D. 32074.

In the *Shallus* case, the court also pointed out that, while duties accrue when merchandise crosses the customs line, the amount thereof and the quantity of merchandise and its condition are ascertained by examinations subsequent to that time, and that, as to shortages, Congress has established a rule of evidence denominating what shall constitute legally sufficient proof of the condition of the merchandise at the time of crossing the customs line.

In *Madeira Embroidery Co.* v. *United States*, 9 Ct. Cust. Appls. 140, T. D. 37990, the court pointed out that a statute, similar to section 499, *supra*—

* * * contemplates that where the examination is made by the appraisers and a deficiency in articles shall be found, a certificate to the collector to that effect shall be made and that an allowance shall be made by the collector. The statute is mandatory and is not ambiguous in any of its terms.

In *United States* v. *Lippmann, Spier & Hahn,* 11 Ct. Cust. Appls. 336, T. D. 39145, the report of the discharging inspector stated that the merchandise was landed and disposed of while in apparent good order, but the appraiser found a shortage. The collector assessed duty on the theory that the missing articles were imported but lost upon arrival. The court held that the statute required the collector to make an allowance for the shortages found by the appraiser. See also *McKesson & Robbins (Inc.)* v. *United States,* 11 Ct. Cust. Appls. 481, T. D. 39572.

Counsel for the Government claims that the principle of these cases has been revoked by the decisions in *Mills & Gibb Corporation* v. *United States,* 13 Ct. Cust. Appls. 72, T. D. 40933, and *McKesson & Robbins (Inc.)* v. *United States,* 13 Ct. Cust. Appls. 124, T. D. 40959.

*Mills & Gibb Corporation* v. *United States, supra,* involved a case of merchandise, which the discharging inspectors reported was landed but was not found for delivery. There was no report of deficiency by the appraiser. The court held that the report of the discharging inspector showed that the goods had been imported and that, therefore, duty accrued on them.

In the second *McKesson & Robbins* case, one package was reported as stolen while on the pier in charge of the customs inspector. The court pointed out that the statutes—

* * * do not authorize the collector to make any allowance of duties for goods actually imported and *not examined for appraisement.* The authority to make allowances was expressly limited by all three provisions to deficiencies *in packages actually examined for appraisement.* [Italics quoted.]

The first *McKesson & Robbins* case was distinguished on the ground that the package was actually examined by the appraiser and certified by him to the collector as empty.

In *United States* v. *Dent, Allcroft & Co. (Inc.),* 15 Ct. Cust. Appls. 408, T. D. 42588, one case was examined by the discharging inspector, who noted that it contained 3%₂ dozen pairs of gloves less than the invoiced amount. The case was sent to the public stores for examination, and the appraiser reported to the collector that he found a shortage of 13%₂ dozen pairs. On liquidation, the collector made an allowance only for the 3%₂ dozen pairs reported short by the inspector. The court held that allowance should have been made for the deficiency found by the appraiser, stating (p. 411):

The duty here imposed upon the collector to follow the report of the appraiser as to shortage is no less mandatory than it was under preceding statutes. Whether such report might be, under certain conditions, impeached is not before

us now. But *certainly it can not be impeached by the report of a discharging inspector or other customs official, the duty being imposed upon the appraiser, and upon him alone, to determine such shortage in all goods sent to his stores for examination.* [Italics supplied.]

The court stated that there was nothing in the *Mills & Gibb* case detracting from this conclusion. It pointed out (pp. 411–412):

* * * Counsel for the Government have failed to observe the distinction made by the cases between instances where goods are landed and no examination of them is made by the appraiser, and cases where shortages are reported by the appraiser after examination. In the first class of cases the report of the landing of the goods is the only evidence of their condition when imported; in the latter class of cases, the evidence furnished by the appraiser's report is, by the statute, made to speak as of the condition of the goods at the time of importation, and should be followed by the collector in assessing duty.

In *Abraham & Straus, Inc.* v. *United States*, 26 Cust. Ct. 87, C. D. 1305, the court pointed out that the inspector's report was contradictory. One inspector had noted that the case was "not manifested not found," but that notation was scratched out. A notation, in different handwriting, stated, "Landed in good order." This notation was circled in red pencil, and below it was written, "case found empty on pier." The first inspector testified that, when the vessel was being unladen, he noted that the case was manifested, but he did not find it. He stated that, where a notice that a case is missing is not received in 48 hours, it is assumed that it has been landed in good order. The second inspector testified that he reported "Landed in good order" because of the previous inspector's record of discharge of the ship and from no notification to the contrary. He did see the case later, at which time there was no merchandise in it. The court held that an allowance for shortage should have been made, stating (p. 91):

In the controversy before us here, an actual examination of the case in question was not made until it was found to be empty. Had the case been sent to the appraiser's stores under its original designation for examination, and the appraiser had examined it and found it to be empty, under the law the collector would have been required to remit all duty applicable to the invoiced contents thereof, * * *."

In *Victor Importing Co.* v. *United States*, 33 Cust. Ct. 40, C. D. 1632, it was stipulated that the case was landed in good condition and was still intact at the time of segregation on the pier for public store examination but that, when the truckman arrived to remove it to the public stores, it was found empty. The court held that an allowance should have been made, stating (p. 44):

The record establishes that the customs inspector reported the case to be empty, and we are of opinion that the inspection made by the customs inspector of the case on the pier of the package designated for examination, disclosing its empty condition, is such inspection as section 499 requires the collector to make allowance for in case of deficiency. Had the inspector not reported such condition, and delivery had been effected to the public stores, the discovery of the empty

condition of the case would have resulted in the remission of all duties taken upon the contents thereof.

In the instant case, the inspector's report is confusing. It notes that the case was examined and found to contain 46 packages. (The invoiced quantity was 60 packages.) Then, it states that the case was landed in good order but was broken at the time of delivery. From the order of the notations, it would appear that the examination was made before the time of delivery. Furthermore, the appraiser reported a shortage to the collector. Even if the report of a discharging inspector may in some situations impeach the appraiser's report, the inspector's report in the instant case is not sufficient for that purpose.

On the record herein and on the authority of the cases cited, we hold that the collector was required to make an allowance for the shortage reported by the appraiser in case No. 2564. As to that claim, the protest is sustained, and judgment will be rendered in favor of the plaintiff directing the collector to reliquidate the entry and refund all duties taken upon said merchandise. As to all other items, and in all other respects, the protest is overruled.