No. 63502.—Battat Imp-Export Co., Inc. *v.* United States, protest 58/18375 (San Francisco).

JOHNSON, Judge:   This is a protest against the collector's assesment of duty on one case of merchandise claimed to have been short shipped.

When this case was called for trial, counsel for the Government moved to dismiss the protest on the ground of untimeliness.   It appears from the official papers, which were received in evidence, that the entry was liquidated on January 29, 1957, and that the protest was filed on May 9, 1958, more than 1 year thereafter.   Consequently, the protest is untimely and must be dismissed under section 514 of the Tariff Act of 1930, which provides that a liquidation becomes final, unless a protest is filed within 60 days after the date of liquidation.

Furthermore, it appears from the testimony of E. M. Battat, president of the plaintiff company, that one case of cameras and one case of films were picked up at the pier by Customs Cartage, Inc., but, according to the official papers, the case of films was not received at the appraiser's stores.   It is well settled that where merchandise has actually arrived in this country but is not found for delivery to the importer, no allowance in duties may be made, except that, under the provisions of section 563(a) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, the Secretary of the Treasury may, upon proof satisfactory to him, abate or refund duties where merchandise is lost or stolen while in the appraiser's stores, or is injured or destroyed by accidental fire or other casualty, while in bonded warehouse, the appraiser's stores, or in transportation under bond.   *Mills & Gibb Corportion* v. *United States*, 13 Ct. Cust. Appls. 72, T.D. 40933; *Silberman-Becker Corp.* v. *United States*, 27 C.C.P.A. (Customs) 79, C.A.D. 65; *H. S. Dorf & Co., Inc.* v. *United States*, 35 Cust. Ct. 43, C.D. 1719.   None of these exceptions is applicable in the instant case.   Moreover, this court has no authority to grant or disallow an abatement or refund under the said section, nor has it authority to review on the merits a decision of the Secretary of the Treasury, or, in cases involving less than $25, of the collector, made pursuant thereto.   *H. Z. Bernstein Co., Inc.* v. *United States*, 41 Cust. Ct. 282, C.D. 2053.

For the reasons stated, the protest in this case must be dismissed.   Judgment will be rendered accordingly.