(C.D. 4010)

ART CRAFT JEWELRY CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 30, 1970)

*James G. McGoldrick* for the plaintiff.

*William D. Ruckelshaus,* Assistant Attorney General (*Thomas Fernandes* and *Peter Jay Baskin,* trial attorneys), for the defendant.

Before RICHARDSON, LANDIS and ROSENSTEIN, Judges

RICHARDSON, Judge: The merchandise in the case at bar consists of 14K gold findings imported in October 1963 and assessed at 24% ad valorem under item 740.10, TSUS. Plaintiff claims a refund is due on the duties paid for merchandise never received by plaintiff. Plaintiff further claims the appraisement is void because there was no examination of the imported merchandise as provided under 19 U.S.C.A., section 1499 (section 499, Tariff Act of 1930, as amended).

The parties stipulated that the protest was timely filed and that the merchandise involved herein arrived in the United States at San Francisco International Airport having been carried from Hong Kong by Pan American World Airways under an airway bill consigned to the plaintiff, the importer of record, at New York and further, that the merchandise was transshipped from San Francisco to New York by a connecting air carrier, United Air Lines, under an immediate transportation entry, Entry TACM 970, San Francisco. Customs treatment was in New York. The official papers were received in evidence subject to a ruling by the court on defendant's objection to the admissibility in evidence of certain letters in the file on grounds that the letters constitute hearsay evidence and are self-serving declarations.

The letters in question are dated November 20, 1963 and March 6, 1964, respectively. The letter of November 20, addressed to the collector at New York and signed by George V. Babakian – Partner for Art Craft Jewelry Co. – and sworn to by the signatory on November 21, 1963 before a notary public, reads:

> We claim duty refund from you amounting to $188.16 since this package of jewelry was apparently stolen while in customs custody.

> Our knowledge of the apparent theft of this merchandise came to us from our broker, Advance Shipping Company, who in turn informs us that after an unusual delay in the transferring of this package from the IN BOND carrier, United Airlines, to the U.S. Appraiser's Stores where it was to have been examined by customs prior to its release to us, they learned that somewhere en route from Hong Kong to the Appraiser's Stores the package was lost or stolen. We have not received the merchandise by any other means.

The letter of March 6, also addressed to the collector at New York and signed by John Babakian, Jr., for Art Craft Jewelry Co., reads:

> We protest the liquidation of the captioned entry "as entered", and refer you to our letter of November 20, petioning [sic] refund of duty based on the fact that the merchandise was stolen while in Customs custody at the airport.

> The basis of our protest is that the merchandise was never received by us and the merchandise was never received by the U.S. Appraiser of Merchandise for his examination and appraisement both of which facts are substantiated by the Customs entry papers on file at the Custom House.
>
> We now appeal for re-liquidation of the entry for refund of the full duty paid.

Since the letter of March 6 is the timely protest of the plaintiff against the liquidation of the entry on January 31, 1964, and incorporates by reference the letter of November 20, both letters constitute the plaintiff's pleading in this case, and as such, are part of the record before the court. They do not, however, have any probative value in and of themselves, and their only function is to apprise the court of the scope and dimensions of plaintiff's claim. Plaintiff's attempt to utilize these letters as evidence in this case has been met with defendant's objection that they violate the rules of evidence concerning hearsay evidence and self-serving declarations. We fully agree with defendant's objections. On their face they are clearly self-serving declarations interspersed with statements of a hearsay nature. Consequently, defendant's objections to the admissibility of these letters as "evidence" are well taken and are sustained.

The entry papers are marked processed on invoice description only. Attached to the entry papers is a report that the merchandise was landed but not found for delivery.

19 U.S.C.A., section 1499 reads as follows:

> Imported merchandise, required by law or regulations made in pursuance thereof to be inspected, examined, or appraised, shall not be delivered from customs custody, * * * until it has been inspected, examined, or appraised and is reported by the appraiser to have been truly and correctly invoiced and found to comply with the requirements of the laws of the United States. The collector shall designate the packages or quantities covered by any invoice or entry which are to be opened and examined for the purpose of appraisement * * *.
>
> No appraisement made after the effective date of the Customs Administrative Act of 1938 shall be held invalid on the ground that the required number of packages or the required quantity of the merchandise was not designated for examination or, if designated, was not actually examined, unless the party claiming such invalidity shall establish that merchandise in the packages or quantities not designated for examination, or not actually examined, was different from that actually examined and that the difference was such as to establish the incorrectness of the appraiser's return of value; and then only as to the merchandise for which the value returned by the appraiser is shown to be incorrect.

Also, 19 U.S.C.A., section 1552 reads as follows:

Any merchandise, other than explosives and merchandise the importation of which is prohibited, arriving at a port of entry in the United States may be entered under such rules and regulations as the Secretary of the Treasury may prescribe, for transportation in bond without appraisement to any other port of entry designated by the consignee, or his agent, and by such bonded carrier as he designates, there to be entered in accordance with the provisions of this chapter.

And the applicable provisions of sections 18.6 and 18.8 of the Customs Regulations (19 C.F.R. 18.6, 18.8) read as follows:

Section 18.6

(d) An allowance in duty on merchandise reported short at destination, * * * shall be made in the liquidation of the entry.

Section 18.8

(a) The initial bonded carrier shall be responsible for shortage, irregular delivery, or nondelivery at destination or port of exit of bonded merchandise received by it for carriage. When sealing is waived, any loss found to exist at destination shall be presumed to have occurred while the merchandise was in the possession of the carrier, unless conclusive evidence to the contrary is produced.

* * * * * * *

(d) In any case in which liquidated damages imposed in accordance with this section do not aggregate over $20,000 and the collector is satisfied by evidence submitted to him with an application for relief from the payment thereof that any shortage, irregular delivery, nondelivery, or any failure to obtain customs supervision was without any intent to evade any law or regulation, the collector may cancel such claim upon the payment of any lesser amount, or without the payment of any amount, as he may deem appropriate under the law and in view of the circumstances.

Plaintiff's claim that the liquidation is void because there was no examination of the merchandise on which to base an appraisement is contrary to the cases in which, merchandise reported as landed not found for delivery, has been held to be dutiable. See *H. S. Dorf & Co., Inc.* v. *United States*, 35 Cust. Ct. 43, C.D. 1719 (1955), and cases cited therein. The provision plaintiff cites clearly provides for proof that the merchandise not examined is different from the merchandise examined and for which value is found by the appraiser, among other things. Plaintiff makes no such claim in the case at bar. In point of fact, plaintiff has not challenged the classification or valuation of the imported merchandise.

Plaintiff's claim that the primary liability for the duty is upon the carrier which transshipped the merchandise is also without merit. In the case of *American Pillowcase & Lace Co.* v. *United States*, 20 Cust. Ct. 53, C.D. 1083 (1948), affirmed in 21 Cust. Ct. 228, Abs. 52646 (1948),

merchandise was apparently stolen from the pier. Duty was assessed on the missing merchandise and the importer claimed a refund was due and that the duty on the missing merchandise was the liability of the carrier. This court held that where foreign goods are landed in the United States their loss or destruction before they have become available to the owner does not preclude the duties from becoming a personal debt of the owner or consignee. The carrier's liability, from the terms of the regulation itself, may in the discretion of the collector be waived. In the case at bar the collector did not choose to enforce the bond of the carrier. He is not required to enforce it in cases where the loss is not due to intent to defraud the revenue of the United States. No evidence has been produced that the carrier had turned the goods over to someone with the intent to evade customs duties. Therefore, the court cannot order suit on the bond. The primary responsibility for the payment of duty is upon the importer and is not subject to any claims the importer might have against the carrier.

In the absence of any evidence that the collector abused his discretionary power, the presumption of correctness attaching to the liquidation has not been overcome. Therefore, the protest is overruled.

Judgment will be entered for the defendant.